IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| ELISHA RIGGLEMAN, )<br>)<br>Petitioner, )<br>v. )     Civil Action No. 5:20-00491<br>)<br>U.S. GOVERNMENT, )<br>)<br>Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are the following: (1) Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1), filed on July 20, 2020; (2) Petitioner's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 5), filed on July 23, 2020; (3) Petitioner's Application to Proceed Without Prepayment of Fees and Costs (Document No. 10), filed on September 21, 2020; and (4) Petitioner's Supplemental Section 2241 Petition (Document No. 11, pp. 2 - 7), filed on September 24, 2020.[1] By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.)

**FACT AND PROCEDURE**

A.   **Criminal Action No. 5:11-cr-00124:**

On January 25, 2013, Petitioner pled guilty in this Court to one count of Threatening to Kidnap and Assault a Federal Officer in violation of 18 U.S.C. § 115(a)(1)(B) (Count One). (Criminal Action No. 5:11-00124, Document Nos. 320 – 322.) On February 19, 2013, Petitioner

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

filed his *pro se* "Motion to Vacate Plea Bargain or Get a More Definite Statement of Stevens' SAUSA Appointment." (Id., Document No. 339.) By Order entered on the same day, District Judge Berger denied Petitioner's foregoing *pro se* Motion. (Id., Document No. 340.) A Presentence Investigation Report was prepared. (Id., Document No. 382.) The District Court determined Petitioner had a Base Offense Level of 12, and a Total Offense Level of 24, the Court having applied the following: A six-level enhancement pursuant to U.S.S.G. § 3A1.2(b); A two-level enhancement pursuant to U.S.S.G. § 3C1.1 for obstruction of justice; and An enhancement to an adjusted offense level of 24 pursuant to U.S.S.G. § 4B1.1 because Petitioner met the criteria for career offender status. (Id., pp. 27 - 28.) The District Court sentenced Petitioner on May 23, 2013, to serve a 120-month term of incarceration to be followed by a three-year term of supervised release.[2] (Id., Document Nos. 380.) The District Court further imposed a $100 special assessment. (Id.)

On May 31, 2013, Petitioner filed a Notice of Appeal. (Id., Document No. 383.) In his appeal, Petitioner argued as follows: (1) The District Court erred in denying Petitioner credit for acceptance of responsibility under the Sentencing Guidelines; (2) The Magistrate Judge erred in denying Petitioner's motions seeking the disqualification of the Special Assistant United States Attorney; and (3) The District Judge was not neutral or impartial. (Id., Document No. 414.); United States v. Riggleman, 544 Fed.Appx. 175 (4th Cir. 2013). On October 24, 2013, the Fourth Circuit Court of Appeals affirmed in part and dismissed in part Petitioner's appeal. Id. Specifically, the Fourth Circuit (1) dismissed Petitioner's challenge to his sentence after determining that Petitioner's appeal waiver was knowingly and intelligently; (2) dismissed

---

[2] The District Court determined that Petitioner was subject to the advisory guideline range of 100 to 120 months. (Criminal Action No. 5:11-00124, Document No. 381.) The District Court sentenced Petitioner at the top of the Guideline Range. (*Id.*)

Petitioner's challenge to the Magistrate Judge's decision after determining that Petitioner waived appellate review of this issue by failing to appeal the Magistrate Judge's decision to the District Court; and (3) affirmed the District Court's decision to the extent Petitioner argued that the District Court was not neutral or impartial. Id. The United States Supreme Court denied Petitioner's petition for writ of certiorari on March 10, 2014. Riggleman v. United States, 572 U.S. 1007, 134 S.Ct. 1525, 188 L.Ed.2d 458 (2014).

**B.     First Section 2255 Motion:**

On January 21, 2014, Petitioner, acting *pro se*, filed his "Writ of Habeas Corpus 28 § 2255" and "Amended Petition to 28 § 2255 Habeas Corpus."[1] (Civil No. 5:14-03232, Document No. 422 and 423.) As grounds for *habeas* relief, Petitioner argued in his initial Section 2255 Motion as follows: (1) Involuntary plea; (2) Ineffective assistance of counsel; (3) Violation of his right to due process; (4) Violation of his Sixth Amendment right to confront witnesses against him; (5) Actual innocence; and (5) Petitioner was improperly determined to be a career offender under the United States Sentencing Guidelines. (Id.)

On January 31, 2014, Petitioner filed his "Writ for Habeas Corpus 28 U.S.C. § 2255" asserting nearly identical claims as asserted in his "Amended Petition to 28 § 2255 Habeas Corpus" (Document No. 422). (Id., Document No. 426.) On March 7, 2014, Petitioner filed his second Amended Section 2255 Motion. (Id., Document No. 437.) In his Amended Section 2255 Motion, Petitioner argued that Attorney Kim Mann, S. Mason Preston, and Greg Campbell were ineffective in failing to pursue or adopt his *pro se* motions. (Id., pp. 1 – 4.) Next, Petitioner complained that Mr. Campbell was ineffective when he did "nothing but agree with the court

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972.)

when the judge denied this petitioner the acceptance of responsibility." (Id., pp. 2 and 13.)

On October 23, 2015, Petitioner filed his third Amended Section 2255 Motion and Exhibits in Support. (Id., Document No. 455.) First, Petitioner argued that he was improperly classified as a career offender based upon the recent Johnson decision. (Id., pp. 1 – 5.) By Order entered on June 14, 2016, the Court appointed the Federal Public Defender to represent Petitioner to determine whether Petitioner may qualify for relief under Section 2255 in light of Johnson "and to present any petitions, motions, or applications relating thereto to the Court for disposition."[2] (Id., Document No. 461.) By Order entered on August 12, 2016, the undersigned directed appointed counsel to file any supplemental brief in support of Petitioner's Section 2255 Motion by September 2, 2016, and directed the United States to file its Answer by September 30, 2016. (Id., Document No. 469.)

On September 12, 2016, following the granting of an extension of time, Petitioner, by court-appointed counsel, Federal Public Defender Christian M. Capece and Assistant Federal Public Defender Rachel E. Zimarowski, filed his "Supplemental Memorandum in Support of Motion to Correct Sentence Under 28 U.S.C. § 2255." (Id., Document No. 472.) In support of his Motion, Petitioner alleged that he was entitled to relief based upon the United States Supreme Court's decision in Johnson v. United States, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Petitioner argued that under Johnson, Petitioner "is no longer a career offender because his conviction for threatening a federal official and his three prior convictions for mailing threatening communications and burglary no longer qualify as crimes of violence under any portion of the career definition." (Id.)

---

[2] The Order further stated that "[c]ounsel's representation pursuant to this appointment is limited to *Johnson* relief unless the presiding District Judge directs otherwise. (Civil Action No. 5:14-03232, Document No. 461.)

On November 7, 2016, the United States filed its Response to Petitioner's Section 2255 Motions. (Id., Document No. 476.) On February 22, 2017, Petitioner filed his *pro se* "Amended to Counterclaim of Petitioner's claim of the Gov't Counterclaim of Petitioner Habeas Corpus." (Id., Document No. 486.) On the same day, Petitioner filed his *pro se* "Counter Response to the U.S. Gov't Response." (Id., Document No. 487.) Petitioner, by counsel, filed his Reply concerning his Johnson claim on February 22, 2017. (Id., Document No. 488.)

By Proposed Findings and Recommendation entered on April 6, 2018, the undersigned recommending that the District Court deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by A Person in Federal Custody Pursuant to 28 U.S.C. § 2255 and Amended Section 2255 Motions (Document No. 422, 423, 426, 437, 455, 486). (Id., Document No. 497.) By Memorandum Opinion and Order entered on July 10, 2019, United States District Judge Irene C. Berger adopted the undersigned's recommendation. (Id., Document Nos. 499 and 500.)

**C.     Request for Authorization to File a Successive Section 2255 Motion:**

On June 7, 2018, Petitioner filed with the Fourth Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244 based upon Sessions v. Dimaya, ___ U.S. ___, 138 S.Ct. 1204, 1223, 200 L.Ed.2d 549 (2018). In re: Elisha Riggleman, Case No. 18-247 (4th Cir.), Document No. 2. By Order entered on June 25, 2018, the Fourth Circuit denied Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 9. On July 30, 3018, Petitioner filed a Motion to Reconsider requesting that the Fourth Circuit reconsider its denial of authorization to file a successive petition. Id., Document No. 12. On July 31, 2018, the Fourth Circuit denied Petitioner's Motion to Reconsider. Id., Document No. 13.

**D.     Second Section 2255 Motion:**

On August 13, 2018, Petitioner filed a "Motion to Reopen Case Under the Intervening Change in the Law Doctrine Rule 60(b)(6) of Civil Procedures" based upon Sessions v. Dimaya. (Criminal Action No. 5:11-00124, Document No. 503.) On March 4, 2019, Petitioner filed his "Motion to Compel the Motion to Reopen the Above Case Pursuant to Rule 60(b)(6) of Civil Procedure." (Id., Document No. 509.) Specifically, Petitioner requested that this Court reopen his case based upon the Dimaya decision. (Id.) By Order entered on March 7, 2019, the undersigned construed Petitioner's Rule 60(b)6) Motion as a new Section 2255 Motion and his Motion to Compel as a Supplement to his Section 2255 Motion. (Id., Document No. 510, 511, 512.) By Proposed Findings and Recommendation entered on March 8, 2019, undersigned recommended that Petitioner's Section 2255 Motion be denied. (Id., Document No. 515.) The undersigned determined that Petitioner was not entitled to relief based upon Dimaya because "there is no indication that Petitioner was sentenced under the 'residual clause' of either Section 16(b) or Section 924(c)(3)(B)." (Id.) Therefore, the undersigned "declined to recommend that Petitioner's successive Section 2255 Motion relying upon Dimaya be construed and transferred to the Fourth Circuit as a request for authorization to file a successive Section 2255 Motion." (Id.) Petitioner filed his Objections on March 18, 2019. (Id., Document No. 517.) By Memorandum Opinion and Order entered on July 10, 2019, District Judge Berger overruled Petitioner's Objections and adopted the undersigned's recommendation. (Id., Document Nos. 522 and 524.)

**E.  Motion to Reduce Sentence:**

On August 13, 2018, Petitioner filed his letter-form Motion to Reduce Sentence Pursuant to the First Step Act. (Criminal Action No. 5:11-00124, Document No. 507.) By Standing Order entered on February 4, 2019, the District Court appointed the Federal Public Defender "to

determine whether the defendant may qualify to seek reduction of sentence and to present any motions or applications for reduction of sentence in accordance with Section 404 of the First Step Act of 2018." (Id., Document No. 508.) On June 7, 2019, Petitioner, by counsel, filed a "Memorandum of Defendant Regarding Eligibility for Reduced Sentence Under First Step Act" stating that counsel "reluctantly concedes that Riggleman is not eligible to receive a reduced sentence in this case." (Id., Document No. 520.) Defense counsel explained as follows:

> The First Step Act became law on December 21, 2018. Section 404(b) of the Act states that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." . . . In order to be eligible for a reduced sentence under the Act, a defendant must have (1) been sentenced before August 3, 2010, and (2) been convicted of an offense involving crack cocaine under a statute which was amended by the Fair Sentencing Act. Riggleman's offense of conviction was for threatening to kidnap and assault a federal officer and was not sustained under a statute modified by the Fair Sentencing Act.

(Id.) By Order entered on June 17, 2019, the District Judge Berger denied Petitioner's letter-form Motion to Reduce Sentence Pursuant to the First Step Act. (Id., Document No. 521.) District Judge Berger explained that because Petitioner's offense of Threatening to Kidnap and Assault a Federal Officer "is unrelated to the statutory changes effectuated by the Fair Sentencing Act and his sentence was imposed well after the Fair Sentencing Act went into effect, his sentence is not impacted by the provisions of the [First Step Act] making the Fair Sentencing Act retroactive." (Id.)

**F.     Instant Section 2241 Petition:**

On July 20, 2020, Petitioner filed in this Court his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Civil Action 5:20-00491, Document No. 1.) Petitioner argues that he was improperly sentenced to a term of supervised release. (Id.) Petitioner explains that he was

sentenced to 120 months imprisonment following his conviction for Threating to Kidnap and Assault a Federal Officer in violation of 18 U.S.C. § 115(a)(1)(B). (Id.) Petitioner argues that his 120-month sentence of imprisonment was the "maximum sentence allowed under this code." (Id.) Petitioner contends that because he was also "sentenced to a (3) three-year term of supervision, [this] exceeds the statutory maximum sentence allowed." (Id.) Petitioner further contends that if he violates his term of supervised release, and the District Judge imposes additional time for the supervised release violation, this sentence will be in excess of the maximum term of imprisonment allowed. (Id.) Petitioner explains that because Petitioner was already sentenced to the maximum term of imprisonment allowed for a violation 18 U.S.C. § 115(a)(1)(B), the District Court cannot impose any additional term of imprisonment for a violation of the terms of his supervised release. (Id.) Petitioner argues that his term of supervised release should be vacated because his "sentence is expired full term when the statutory maximum sentence is served." (Id.)

On July 23, 2020, Petitioner filed his Motion to Amend and his Amended Petition. (Document Nos. 4 and 5.) In his Amended Petition, Petitioner argues that Attorney Gregory J. Campbell acted ineffectively in failing to appeal "the fact that the sentence for this Petitioner was beyond the statutory maximum." (Document No. 5, p. 6.) By Order entered on July 24, 2020, the undersigned granted Petitioner's Motion to Amend. (Document No. 6.)

On September 24, 2020, Petitioner filed his second Motion to Amend and his Supplemental Petition. (Document No. 11.) Petitioner states that he wishes to include a claim that his Presentence Report improperly included the following convictions as violent offenses: (1) Petitioner's 1989 Burglary conviction in Hardy County Circuit Court (89-F-22); (2)

Petitioner's 2004 Mailing a Threatening Communication conviction in this District (04-cr-00048); and (3) Petitioner's 2006 Mailing a Threatening Communication conviction in the Northern District of West Virginia (06-cr-00023). (Id., pp. 2 - 7.) Citing the First Step Act, Petitioner argues that the District Court erred in sentencing Petitioner as a career criminal. (Id.) Petitioner further argues that trial counsel was ineffective in failing to challenge these offenses as non-violent. (Id.) Petitioner explains that if his "attorney would have disclosed to me that the charges that was used to career offend me, I would have noticed such as non-violent." (Id.) Finally, Petitioner again alleges that counsel was ineffective in failing to challenge his term of supervised release as being in excess of the statutory maximum allowed. (Id.) By separate Order entered this day, the undersigned has granted Petitioner's second Motion to Amend.

## **ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to

circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by this Court. Specifically, Petitioner first alleges that this Court imposed a term of supervised release in excess of the statutory maximum. Second, Petitioner argues he is entitled to resentencing based upon the First Step Act because the District Court erred in sentencing Petitioner as a career criminal. Thus, Petitioner requests that his sentence be vacated. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Petition should be (1) dismissed, or (2) construed as a Section 2255 Motion. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions

thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this Court imposed Petitioner's sentence and would have jurisdiction to consider it. Petitioner's instant Petition, however, should not be construed as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in this Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A).

federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit recently extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that

Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege any substantive change in settled law occurring after his

---

[4] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not request a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

Section 2255 Motion that decriminalized the conduct of his conviction. Additionally, Petitioner cannot establish a retroactive change in substantive law such that Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. First, Petitioner fails to allege any retroactive change in substantive law to support his claim that the imposed term of supervised release is in excess of the statutory maximum.[5] Next, to the extent Petitioner is seeking relief based upon the First Step Act, this Court has already considered and rejected Petitioner's claim. (Criminal Action No. 5:11-00124, Document No. 521.) Specifically, the

---

[5] A review of the record reveals that Petitioner's Plea Agreement clearly set forth the maximum potential penalty Petition was exposed to by virtue of his guilty plea. (Criminal Action No. 5:11-00124, Document No. 322, p. 2.) Specifically, the Plea Agreement stated that Petitioner was exposed to the following maximum penalties:
   (a)   Imprisonment for a period of up to 10 years;
   (b)   A fine of $250,000;
   (c)   A term of supervised release of 3 years;
   (d)   A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; **and**
   (e)   An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664.

(*Id.*, p. 2.)(emphasis added). During the Plea Hearing, Petitioner confirmed that he understood "by pleading guilty [he] exposed [himself] to a maximum term of imprisonment of ten years" and "that the Court could subject [him] to a term of supervised release of up to three years." (*Id.*, Document No. 404, p. 23.) Petitioner further acknowledged that he understood that if he violated the terms of his supervised release the Court could revoke his term of supervised release and require Petitioner to serve all or part of the term of supervised release in prison. (*Id.*) To the extent Petitioner argues that the District Court lacked authority to impose a maximum term of imprisonment (10 years) and a maximum term of supervised release (3 years), Petitioner's argument is without merit. Petitioner fails to understand that his term of imprisonment and his term of supervised release are each a separate part of his sentence, and each are expressly authorized by statute. Title 18 U.S.C. § 115(b)(1)(4) provided authority for the Court to impose a maximum term of imprisonment of 10 years. Title 18 U.S.C. § 3583(b) provided authority for the Court to impose a term of supervised release as part of Petitioner's sentence. If Petitioner violates the terms of his supervised release, Title 18 U.S.C. § 3583(e)(3) provides authority for the Court to "revoke a term of supervised release, and require the [Petitioner] to serve in prison all or part of the term of supervised release authorized by statute." The above statutes do not limit the Court's authority to impose, or revoke, a term of supervised release based on the term of imprisonment imposed by the Court at sentencing. *See United States v. Davis*, 376 F.Supp.3d 698, 700 (E.D.Va. April 25, 2019). Accordingly, Petitioner's argument that the District Court's imposition of a 3-year term of supervised release was in excess of the statutory maximum is clearly without merit.

Court determined that "[b]ecause [Petitioner's] offense is unrelated to the statutory changes effectuated by the Fair Sentencing Act and his sentence was imposed well after the Fair Sentencing Act went into effect, his sentence is not impacted by the provisions of the [First Step Act] making the Fair Sentencing Act retroactive." (Id., p. 2.) This Court has also considered and rejected Petitioner's challenge to his career offender status in his prior Section 2255 proceeding. (Civil No. 5:14-03232, Document No. 497, pp. 26 – 29 and Document No. 499.) Section 2255 is not rendered inadequate merely because Petitioner has unsuccessfully pursued his claims in a prior Section 2255 Motion. Further, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Since Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion, the undersigned recommends that Petitioner's Section 2241 Petitions dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Document No. 1), Amended Section 2241 Petition (Document No. 5), and Supplemental Section 2241 Petition (Document No. 11, pp. 2 - 7), **DENY** Petitioner's Application to Proceed Without Prepayment of Fees (Document No. 10), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Frank W.

Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: July 9, 2021.



Omar J. Aboulhosn
United States Magistrate Judge