UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ELISHA RIGGLEMAN,

     Plaintiff,

v.                                    CIVIL ACTION NO. 5:20-cv-00491

U.S. GOVERNMENT,

     Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are the following: (1) Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed July 20, 2020 [Doc. 1]; (2) Petitioner's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed July 23, 2020 [Doc. 5]; (3) Petitioner's Application to Proceed Without Prepayment of Fees and Costs, filed September 21, 2020 [Doc. 10]; and (4) Petitioner's Supplemental Section 2241 Petition, filed September 24, 2020 [Doc. 11]. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on July 9, 2021. [Doc. 22]. Magistrate Judge Aboulhosn recommended that the Court deny the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, [Doc. 1], Petitioner's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, [Doc. 5], and Petitioner's Supplemental Section 2241 Petition [Doc. 11], and deny Petitioner's Application to Proceed Without Prepayment of Fees and Costs [Doc. 10].

## I.

The Court is required "to make a de novo determination of those portions of the

report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## II.

Mr. Riggleman's underlying criminal conviction was for Threatening to Kidnap and Assault a Federal Officer in violation of 18 U.S.C. § 115(a)(1)(B).  He was sentenced to one hundred twenty (120) months imprisonment followed by a period of three (3) years supervised release.  *United States v. Elisha Riggleman,* Criminal Action No. 5:11-cr-00124.  In the instant action, Mr. Riggleman contends this sentence is excessive because, under the statute, the maximum sentence is 120 months.  [Doc. 1].

Magistrate Judge Aboulhosn noted this is Mr. Riggleman's third Petition requesting Habeas Corpus relief from his conviction and sentence.[1]  [Doc. 22].  Mr. Riggleman's previous attempts at obtaining habeas relief were brought under § 2255, the habeas statute providing relief to federal prisoners.  28 U.S.C. § 2255.  In this case, Mr. Riggleman brings his petitions under § 2241, the Court's general authority to issue habeas relief.  28 U.S.C. § 2241.

---

[1] The PF&R includes a detailed procedural history of Mr. Riggleman's challenges to his conviction and sentence.  [Doc. 22, pp. 3-7].

Mr. Riggleman objected to the PF&R, asserting Magistrate Judge Aboulhosn did not address any of Mr. Riggleman's arguments regarding the calculation of his sentence or the imposition of supervised release in addition to a term of incarceration. [Doc. 25]. Magistrate Judge Aboulhosn concluded Mr. Riggleman's claims are properly cognizable in a § 2255 petition, not a § 2241 petition, for the reasons stated in the PF&R. [Doc. 22]. For this reason, Magistrate Judge Aboulhosn recommended this Court deny the petitions because they are procedurally barred. [Doc. 22].

This Court agrees with the Magistrate that Mr. Riggleman has not met the statutory requirements to bring a § 2241 petition. Magistrate Judge Aboulhosn properly determined Mr. Riggleman's petition asserts relief pursuant to § 2255. Mr. Riggleman previously brought an unsuccessful § 2255 petition. The Fourth Circuit denied his motion to file a successive § 2255 petition. His subsequent Rule 60(b)(6) Motion, construed as a successive § 2255 petition, was denied. Clearly, Mr. Riggleman's third attempt at obtaining relief under § 2255, particularly without leave of the Fourth Circuit in which to do so, must be denied.

As such, Mr. Riggleman's objection is without merit. Magistrate Judge Aboulhosn did not consider Mr. Riggleman's substantive arguments because these arguments are procedurally barred. The Court thus **OVERRULES** Mr. Riggleman's objection.

### III.

For the foregoing reasons, the Court **OVERRULES** Mr. Riggleman's objection [**Doc. 25**], **ADOPTS** the Magistrate Judge's PF&R [**Doc. 22**], **DENIES** the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, [**Doc. 1**], **DENIES** Petitioner's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, [**Doc. 5**], **DENIES** Petitioner's Supplemental Section 2241 Petition [**Doc. 11**], and **DENIES** Petitioner's Application to Proceed Without

Prepayment of Fees and Costs **[Doc. 10]**.  The Court hereby **DISMISSES** the matter.

       The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

       ENTER: October 12, 2021

Frank W. Volk
United States District Judge